## Commonwealth v. Henry.

*Ira A. La Bar,* for Commonwealth; *R. L. Mervine,* for defendant.

SHULL, P. J., Dec. 30, 1930.—On Aug. 12, 1930, an information was lodged before Ralph J. Booth, justice of the peace in the Borough of East Stroudsburg, Pa., charging Mrs. Austin Henry, the defendant, with operating a motor vehicle in the Township of Ross, County of Monroe and State of Pennsylvania, without a license as operator or a learner's permit, contrary to section 601 of article VI, Act of May 1, 1929, P. L. 905.

In pursuance of the information, a warrant issued, was served and defendant appeared before the justice of the peace and waived summary hearing, entering into bail to appear before the Court of Quarter Sessions of the Peace of Monroe County at September Term, 1930. In pursuance of bail, the defendant appeared and, before entering into hearing, defendant moved to quash the prosecution for the reason that the information had not been laid before the nearest available magistrate, as provided by section 1201 of the Act of 1929, P. L. 905, it being conceded that Ralph J. Booth, the justice of the peace before whom this information was lodged, was not the nearest available justice of the peace.

It was urged by the district attorney that section 1201 of said act is unconstitutional in that it offends against article III, section 3, of the Constitution of Pennsylvania.

Article III, section 3, of the Constitution of Pennsylvania provides as follows, to wit: "No bill except general appropriation bills shall be passed containing more than one subject, which shall be clearly expressed in its title."

It is contended by the district attorney that section 1201 of this act offends against article III, section 3, of the Constitution in that no notice of the subject-matter of this section is given in the title to the act. The title to the Act of May 1, 1929, P. L. 905, is as follows, to wit:

"For the protection of the public safety; regulating the use of highways and the operation of vehicles, tractors, street cars, trackless trolley omnibuses, bicycles, pedestrians and the riding of animals upon the highways of this Commonwealth; providing for the titling, including liens, encumbrances, and legal claims; registration of certain vehicles and licensing the operators thereof, upon payment of prescribed fees; prescribing and limiting the powers of local authorities to deal with the subject-matter of this act; conferring powers and imposing duties upon the Department of Revenue, the Department of Highways, peace officers, mayors, burgesses, magistrates, aldermen, justices of the peace, the courts and the clerks thereof, owners of vehicles and garage keepers, providing that records are admissible as evidence; imposing upon owners, counties, cities, boroughs, incorporated towns, townships, within the Commonwealth, liability for damages caused by the negligent operation of their motor vehicles; imposing penalties; imposing certain costs upon counties; providing for the disposition of fines, forfeitures, fees and miscellaneous receipts; making an appropriation and providing for refunds."

In support of this contention as to the constitutionality of section 1201, the district attorney cites and principally relies upon the case of Com. v. Marter, 13 D. & C. 688. In the case cited the court, in its opinion, says:

" 'In the absence of statutory regulation, a justice of the peace would undoubtedly have criminal jurisdiction throughout the county, an alderman throughout the city, in which they hold their respective offices.'

"See, also, 1 Stephen's History of Criminal Law, 190, 191; Sadler's Criminal Procedure, 117.

"It, therefore, appears that every alderman of the city and every justice of the peace of the county has jurisdiction of an offense occurring respectively in the city or county, and the effect of section 1201 is to oust every justice of the peace or alderman but one in the city or county of his jurisdiction. The inquiry, then, is whether the title of the act gives notice of such provision. The title provides for 'prescribing and limiting the powers of local authorities to deal with the subject-matter of this act.' This would be sufficient notice if it were not for the fact that 'local authorities' are defined in the act to be 'every county, municipal and other local board or body having authority to adopt local police regulations under the Constitution and laws of this Commonwealth.' This definition excludes magistrates. There is no other suggestion in the title limiting the authority of magistrates, aldermen or justices of the peace. As to them, the title says that the act is 'conferring powers and imposing duties upon' them. Section 1201 is far from either conferring powers or imposing duties upon magistrates. It is taking away the powers which the aldermen and justices of the peace already have."

With the conclusion of the court in that case, to the effect that the title of this act of assembly, standing by itself, is sufficient, we fully agree, but we are not in accord with the conclusion that this title, which is sufficient to

clearly express the subject of section 1201 of the act, can become insufficient by reason of a definition contained in one of the sections of the act or a phrase which limits and restricts the meaning of such phrase in its application to the construction of the act. In determining the sufficiency of the title as applied to a particular section of an act of assembly, the test is whether the subject of the section is clearly expressed in the title. Whether or not it be so expressed is determined from the section in question and the title to the act and nothing else. If the legislature has seen fit to limit and restrict the accepted and common meaning of words and phrases as they relate to the operation or enforcement of the act, it may, of course, do so and the operation or enforcement of the act thereby becomes so limited, but such limitation or restriction of the meaning of the word or phrase in no wise affects or bears on the question of whether the title be sufficient to give notice of the subject of a particular section in the act. If such definition should be held to limit the common and accepted meaning of words or phrases used in the title to the act of assembly, it would be equally true, should the legislature see fit to enlarge or place enlarged meaning or construction on words or phrases as applied to the construction or application of an act of assembly through definitions placed in the act, that thereby a title to an act of assembly would fail to clearly express the subject-matter—would still be within the provisions of the Constitution—and would no longer serve the purpose for which titles are intended, because it would become necessary to peruse the entire act of assembly to ascertain if, by reason of a definition in the act, the common meaning of any word or phrase in the title had been limited or extended, or, for that matter, perverted or distorted as to the application of the act to the subject-matter. This the legislature may do as to their application to the act, but as to the title to an act of assembly, which is intended for notice to the world, they have not the power to do so, because by indirection they would be doing that which, under the Constitution, they may not do; and, further, even though it should be necessary to consider definitions in an act of assembly contained, together with the title to any section of the act of assembly under question as to its constitutionality.

We find in this act of assembly that section 102 is the section giving definitions. It gives the definition above quoted in the case of Com. v. Marter, but the first paragraph of section 102 provides as follows:

"Section 102. Definitions—The following words and phrases, when used in this act, shall, for the purpose of this act, have the meanings respectively ascribed to them in this section, except in those instances where the context clearly indicates a different meaning."

The exception in this paragraph contained is just as much operative as the definition itself, and both must be considered if either has any application to the question here involved. While we are of the opinion that neither has any bearing, still, should we be in error in that conclusion, we feel that, under the exceptions, the title to this act is sufficient and that section 1201 is constitutional. Under this section, not one of the definitions in this act of assembly contained is a hard and fast definition—an exclusive one—and, considering the question from this angle, the first question is, What is context? Webster's New International Dictionary defines context: "The part or parts of a discourse preceding or following a text or passage or a word or so intimately associated with it as to throw light upon its meaning." The Standard Dictionary defines context: "1. The portions of a discourse that precede or follow and are connected with a passage quoted. 2. The whole text of a work."

What is the context in the matter before us?  Though section 1201 does not use the words "local authorities," it uses the word and deals with "magistrates."  Magistrates are among those commonly understood to be local authorities, and the context here includes the title to the act.  Section 102 of the act, which gives the definition and exception, together with the parts of section 1201 preceding and following the use of the word magistrate, are the context.  Clearly the context here indicates the local authority to be one who would come under the exceptions and not under the definition itself as a local authority.  To our mind, this title, when considered from this angle, is sufficient.  The title, *inter alia*, sets forth the purpose of "prescribing and limiting the powers of local authorities to deal with the subject-matter of this act;" a magistrate is a local authority in the common and every-day understanding of those words.  Section 1201 limits the jurisdiction of magistrates in certain offenses by providing that the offender must be taken to the nearest available magistrate rather than before any magistrate within the county, and of this the title is sufficient to give notice.  The context, to our mind, makes irresistible the conclusion that the local authorities in this instance, whose powers were to be prescribed and limited, if this act does limit the powers of such authorities, were magistrates, and the exception to the definition is here operative.

This act of assembly provides that "informations charging violations of any of the provisions of this act . . . shall be brought before the nearest available magistrate."  The offenses to be so prosecuted are created by this statute, and are not offenses which would be within the jurisdiction of a magistrate, alderman or justice of the peace for trial, unless so provided by the statute.  Whenever a statute creates an offense and provides a punishment, the statutory provisions must be followed strictly and expressly; but if the statute specify no other mode of procedure, they are punishable by indictment: Com. *v.* Richter, 13 W. N. C. 142; Zeigler *v.* Gram, 13 S. & R. 102; Com. *v.* Kurz et al., 14 Dist. R. 741; Com. *v.* Grau, 16 Dist. R. 806; Wilson *v.* Com., 10 S. & R. 373; Gearhart *v.* Dixon, 1 Barr, 224.

Prior to the passing of the Act of April 26, 1929, P. L. 824, magistrates, justices of the peace and aldermen had no jurisdiction over the offenses which are made the subject of summary conviction by section 1201, and the Act of 1929, P. L. 824, provides that their jurisdiction attach in the event the statute does not provide otherwise; consequently, section 1201 does not limit, restrict or reduce the jurisdiction of such offenses, and, as we view it, the title clearly discloses the subject of section 1201 in that portion of the title which reads: "Conferring powers and imposing duties upon the Department of Revenue, the Department of Highways, peace officers, mayors, burgesses, magistrates, aldermen, justices of the peace, the courts and the clerks thereof," etc., and from the view that this act of assembly creates new offenses over which such officers have not theretofore had jurisdiction, it does not limit their jurisdiction.  It can take nothing from their jurisdiction, but, on the contrary, confers powers and imposes duties on them which heretofore they have not had, *i. e.*, summary proceedings as provided by the act.  This the legislature has power to do, and this the title to the act clearly expresses.

We, therefore, hold the title to this act is within the provisions of article III, section 3, of the Constitution of Pennsylvania, and that section 1201 of said act is constitutional.

And now, Dec. 20, 1930, in the case of Com. *v.* Henry, No. 58, September Sessions, 1930, prosecution dismissed and defendant discharged.

From C. C. Shull, Stroudsburg, Pa.